When you're ready you may call the next case. 1362.3 United States of America v. Sean Widmer Order not to receive 15 minutes per side. May it please the court, I'm Dana Chavis with Federal Defender Services of Eastern Tennessee. Representing Sean Widmer, I'd ask to reserve 4 minutes rebuttal time please. Your honors, on remand the district court did not find that Mr. Widmer posed a threat to children. The court did acknowledge that Mr. Widmer had never committed a conduct offense upon any child. But the court said that those facts do not negate the crime in this case. The court said that the condition of supervised release is a consequence of the crime. And the court confirmed that when Mr. Widmer is released that he will not be allowed to associate with his daughter. Now this is not an individualized... Well it wasn't focused on his daughter, it was talking about children and the condition included his daughter. So it wasn't just an effort to deprive him of the association with the daughter alone, I don't think was it? Well that's true your honor, it includes all minors under the age of 18, whether they're male, whether they're female, whether they're other members of his family. But in particular we objected to the fact that this would prevent Mr. Widmer from exercising his fundamental parental rights with respect to his daughter. And the district court said yes, that this is unfortunately a consequence of the crime that you will not be able to associate with her when you're released from prison. Well that isn't really accurate is it, that he could get permission to do it? Well your honor, there is a probation officer exception to the condition of supervised release. A rather big exception to the prohibition. Well your honor, the thing is that the fact that the probation officer might allow Mr. Widmer at some point to exercise his parental rights, that doesn't negate the fact that the condition itself is unconstitutional. And furthermore, if you make Mr. Widmer... Well this is not an indefinite situation, the supervised release would be for 5 years, is that right? Yes your honor. And presumably there would be some indication over that 5 years whether he could associate with children or perhaps his daughter if he's under supervised visitation that would shed some light on whether or not he's a danger to children including his daughter. Your honor, the condition of supervised release says there is to be no contact, that's the rule. Unless approved by the probation. Unless approved by the probation officer. And the fact that the court did not find that there was any threat to his child or to any children demonstrates that there is no compelling need for this condition. And even if you delegate Mr. Widmer's liberty to the discretion of a probation officer, that in itself is an unconstitutional delegation of judicial authority. Didn't the court effectively find that there was a threat? No your honor, the court did not find there was a threat. The court said that the fact that Widmer's individual characteristics did not negate the fact of the crime didn't matter. It meant that he was still going to impose the condition. The court said that the condition was a consequence of the crime. And the condition said that the crime by definition included a sexual interest in children. And that's a statement that's totally unsupported by the record. Well it's a statement that's totally unsupported by the record. He's obtaining these images which is injurious to children who appear in the images and perpetuates the risk of dissemination of images. And then I thought there was something in there, wasn't there something in the record that he actually master based to these images or has done so? And that suggests at least a potential for danger to children it would seem. I mean I would be the first to concede he's not being convicted of having harmed a child but I think that would appear to be what the district judge was trying to prevent. Your Honor, I think you raised three facts and I'm going to try to remember what they are. But first it's true that the court focused on the nature of the images. But the nature of those images are inherent in any of these crimes. There's nothing special about the images that Mr. Widmer viewed that's different from any other defendant. And that's why when we apply this local rule that it doesn't distinguish between sex offenses or sex offenders. And the court's expert, Dr. Adler, said that the nature of these images does not correlate to a risk of recidivism. There's considerable scholarly image that says that people who have this problem of interest in, sexual interest in children have a difficult time changing their behavior. There is a school of thought that they continue to pose a potential problem in that regard. And, Your Honor, there may be that school of thought but the district court did not find that Mr. Widmer would not be able to change his behavior. In fact, both experts said that Mr. Widmer posed a very low risk of recidivism and that all of his particular characteristics, the fact that all of the work that he put in before he was incarcerated, the fact that all of the testing showed that he did not have a sexual interest in children, and even, Your Honor, the fact that he masturbated to older adolescents. Both experts agreed that that is not deviant behavior. That does not mean that he is going to molest a child. The experts' conclusion that he doesn't have a sexual interest in children is altogether defeated or disputed by the record itself that shows that he did have such an interest, which is why he's convicted of what he's convicted of. So those expert opinions don't sound as though they would be entitled to much, if any, weight on that particular point. I mean, how can a person masturbate to images of children and not have a sexual interest in children? Your Honor, Dr. Adler said that Mr. Widmer masturbated to older adolescents and that that's absolutely normal behavior for a male, a heterosexual male. There's nothing deviant about that. Dr. Adler said that. Dr. Shaw said that. The prosecutor didn't argue. Because of the age of the pictures, because of the age of the children depicted. Yes, Your Honor, and those were the pictures that he masturbated to. The prosecutor didn't argue that Mr. Widmer was going to molest children. He didn't even argue that he posed a risk of harm to children. The prosecutor argued, similar to what you're saying, Your Honor, is that because Mr. Widmer looked at these pictures, he must be a child molester. And the evidence in this case says, no, that Widmer is within the population of people that view child pornography but don't go on to molest children. And the district court did not find facts to establish that there's a compelling need for this condition of supervised release. I've got two questions. The first question is, would we be here if it said that when he's with his daughter, he needs another adult there? That's the first question. The second question is, would we be here if this weren't a blanket policy of that particular district court, if the judge decided on a case-by-case basis whether a defendant needed this restriction? Your Honor, taking the last one first, we absolutely would not be here if there was an individualized determination of facts based on Widmer's characteristics, based on his history, based on his conduct, that the condition would be reasonably related to protection of the public and to rehabilitation. The facts do not support even that reasonable relationship of that conduct, of the facts in this case and the condition. I just don't have time, and I hate to interrupt, but do the facts support the record of conclusion that based upon what's presented, we can't tell one way or the other whether he would be a risk to the public or the children? No, Your Honor, the facts clearly— I mean, because all you've got is expert testimony that doesn't sound altogether supportable to me. I'm not speaking for the rest of the panel. So, I mean, I'm not sure I see the indication one way or the other as to whether he would be a risk or not. And if you can't make that determination, why not leave the discretion, the sentencing discretion to the judge on this point? Your Honor, regardless of the fact that the expert testimony was not disputed, the fact that the district court did not find, which is within his discretion, the district court did not find that Mr. Widmer was going to harm children. That finding was not there, even though the court on remand specifically said we need to know the specific facts, the reasons why you're going to deprive Mr. Widmer of his fundamental rights to be a parent to his child. All right, you can finish your answer to Judge White's question. I didn't mean to throw that out. I believe the question was if there was a part in the condition that said he could see his daughter under certain circumstances, would we still be here? And, Your Honor, absolutely, we would still be here because the facts, number one, don't even show a compelling need to infringe upon his parental rights. But, number two, even under the regular test that doesn't deal with fundamental rights, the facts don't establish that this condition is reasonably related to Widmer's characteristics, to any type of rehabilitation or to recidivism. But why? Let's assume he wouldn't touch her. Maybe he'd take a picture. Why wouldn't it be reasonable to say that he has to be supervised until she's at an age where she can figure out something's wrong? Well, Your Honor, there are no facts in the record indicating that he took any pictures. What he did was he was online and he viewed images online. He did not take pictures of children. There are no facts indicating that he's going to take pictures of children, especially his daughter, inappropriate pictures, I assume you mean, of his daughter. Those facts simply do not exist. And without facts that support this condition of supervised release, I mean, there's simply an abuse of discretion in imposing it just because of the local rule. I guess my time's up if there are no other questions. Thank you. All right. Thank you. Good morning. So your opposing counsel says there's nothing in the record that shows that the defendant is a danger to children, including his daughter. What do you say about that? Deborah Brenneman for the United States. I'd like to point you to the PSR, the pre-sentence report, quotes at length from Dr. Adler's report. He was one of the experts. Paragraph 96, specifically, he says, and both experts agreed on this, that the defendant presents a low to moderate risk to re-offend. The next sentence, I think, is more important. It says, however, without appropriate supervision, boundaries that limit his access to potential victims, and specific sex offender treatment to address his sexual offending, Mr. Widmer will likely sexually act out in the future. That's in the PSR. It came from Dr. Adler's report. Okay, so he's going to get sexual offender treatment in the future? He's going to get sexual offender treatment. One of Dr. Adler's recommendations, paragraph 98 in the PSR, says, he should not have contact with minor children, including his own daughter, unless this is approved by the probation officer and the person managing his treatment plan. There's a further discussion about this in the PSR addendum. I believe it's page 4. A probation officer explained, in response to some of the defendant's objections, that a lot of these special conditions that were designed for sex offenders work as a package. And so, at least in the Eastern District of Tennessee, they construct what they call a sex offender safety plan. In cooperation between the probation office and the treatment provider. And together, they determine which things are appropriate to facilitate defendant's rehabilitation and protect the public. I think that's part of the reason the district... This is a blanket order that everybody gets. Which basically means that the judges aren't going to look at each individual offender and see which of these conditions is appropriate. They're just going to say, okay, probation department, you figure it out. I dispute your conclusion that it's a blanket order. It is true that the local rules suggest all of these conditions for sex offenders. But what the district court did in this case is what is happening in cases. They're modifying conditions. When the case was remanded, five conditions were contested. Of those, the court modified two, deleted one, removed it. The courts are looking at these individually. I think probation treats these as a presumption that they request all the conditions for anyone they believe to be a sex offender. But the district courts are looking at these individually as to each defendant. Particularly as specific ones are challenged as they may be appropriate for particular defendants. Why... This guy's never touched a kid. Why should he not be able to have supervised visitation with his daughter? Why should it be up to... Why should that not be presumptive until it's shown? I mean, we're talking about a situation where it's supervised. The child would be protected. That's actually not the language of the condition here. The condition here involves... There's... He's asking for unsupervised. It doesn't involve the words no contact, and it doesn't talk about unsupervised contact. It says, defendant shall not associate and or be alone, which kind of plays into the supervision part. But he can't associate with them without this prior written approval. But it's not approval from the probation officer as to a supervisor. It's approval as to a particular minor. So in these cases where it involves a family member, obviously that is a fundamental right, and the district court suggested that during the hearing, that he suspects that the probation officer is going to allow contact, association and being alone with his daughter. But the district court wanted to roll that into part of the sex offender safety plan that's related to his treatment plan. But then why shouldn't it say something like, and as to your daughter, we'll permit the contact unless the probation department has reason to believe that it shouldn't be permitted. And then the probation department comes in and gets the judge to agree that it shouldn't be permitted. The court could structure it that a modification would have to be required. Obviously it can't delegate the power to probation to impose a new condition. It can delegate the power to release defendant from a condition when certain other conditions are satisfied. But this, I submit that the reasoning the court's using here is very similar to the reasoning this court espoused in the Schultz case. That was another defendant who's convicted of receiving child pornography. And this court said, and I quote, the district court had good reason to fear the defendant might sexually assault children. Why? What evidence in that case? Some of the images he possessed. She had fewer images than the defendant in this case. Those images depicted adults having sex with children. And was the defendant's own child involved? The defendant had three young children at the time and this court ultimately found that that part wasn't affected because they would be adults by the time he completed his term of imprisonment. He received a much longer sentence in prison based on certain other factors that were there. But this court looks at that. I should also mention that Schultz was subject to lifetime supervised release so it's a far more extended duration. But he also acted on things. Schultz? Didn't he? He had no prior convictions or even investigations for any misconduct against children. He had a prior domestic assault conviction and an aggravated assault conviction. That's correct. Did the subject of his daughter visiting him in prison come up at all? I don't believe there was any reference to her visiting him in prison. There was mention that he was sending her letters and that they were talking by phone. I believe that may have been the defendant's own allocution that while he's in prison he is having some contact with his daughter who at this point is, I believe, 3 years old. Okay, was it resolved that he's allowed to continue doing that? Obviously these conditions of supervised release don't take effect until he leaves prison. The court didn't. I agree this makes it much more complicated because the court didn't say that's fine or that's problematic. Part of the reason though I think that we don't have any indication of he didn't do anything inappropriate to his daughter or we don't know whether he will or won't is in part because of when his daughter was born. She was born, in this case, after the offense conduct and before his conviction. So there's this short window of time where he gets to be a father before he goes to jail for this conviction. So no, we don't know exactly what his risk is. We have, defense counsel is absolutely right, we have absolutely no evidence that he has harmed a child or that he will harm a child. But as this court has previously recognized, we don't have to give people a free pass until they commit misconduct. That's part of the reason we have supervised release. But why shouldn't it be the least restrictive burden on his constitutional right? And wouldn't the least restrictive burden be that contact with his daughter must be supervised? That might be the least restrictive burden, but the way the court structured the condition actually will be better for him if, like he doesn't require supervision at all if probation authorizes contact with his daughter. Then the supervision requirement is entirely out of the way. But then you say it must be supervised unless the probation department says otherwise. There are certainly many ways we could write these conditions, but that's the essence of discretion. It can properly be exercised in many ways. It appears differently to different people. But not if there's a constitutional right. I'm not saying that you have a right to do whatever you want with your child. Certainly you commit a crime and your access can properly be limited. But I have problem with the idea that it is a blanket prohibition on a constitutional right that is far more extensive than appears necessary. And if this court concludes that the part of that condition that affects his daughter, because it affects, obviously, the fundamental constitutional right, is improper, this court could sever that portion of it and leave the remainder of the condition in effect. He can't associate or be alone with other children without the prior approval of the probation officer. That could resolve the concern. That's what the Eighth Circuit did in one case. Look, can the guy go to a mall? I really don't understand this restriction. Can he go to a mall? He wants to go out and buy some new shirts. Can he go to a mall or not? Because my experience is that kids hang out at malls. So can he or can he? How does he know? My reading of it is that yes, he can. Obviously, the language in Special Condition No. 7 says that he's not to visit frequent or remain about any place primarily associated with children under the age of 18. That's Chuck E. Cheese. Exactly. Chuck E. Cheese would be a perfect example. But the mall generally... Yes, there are children in the mall. But the mall generally is a place for shopping of people of all ages. So although children are present, I think that part's okay. Of course, this Court has also explained that what this associate means is to keep company with. It doesn't cover incidental contact. Walking past a kid in the mall, that's not a problem. Those kinds of incidental contacts are not prohibited by the Special Condition. It doesn't actually use the language no contact. It uses that phrase of associate, which this Court defined in Schultz. As this Court knows, since the case is here for the second time, it was remanded. It went to a different district court. At this point, two different district judges have concluded that this condition, including as it applies to defendant's daughter, is appropriate. And I would submit that that determination was not an abuse of discretion. I recognize the first district judge didn't put his reasons on the record. That's the reason we went back. But that decision is not an abuse of discretion. And I'd ask you just to affirm the condition as it is. Unless you have further questions. Thank you, Your Honors. Thank you. Your Honor. If we agreed with your argument, what remedy would you think is appropriate? In your brief, you just say that you're requesting that the no contact Special Condition of Supervise Release be vacated in the case remanded with instructions    And that's what you're requesting? Yes, Your Honor. Excluding that condition? Yes. That's what we're asking for, Your Honor. Can we really do that? I mean, the judge, we can't sell him someone, and the judge has made certain findings, and maybe he's made the wrong findings and not done so in a detailed enough way. Wouldn't we have to send it back to the district judge with maybe some guidance and have him reformulate the sentence or at least this part of it? Your Honor, we're asking that this court find there is no evidence to support this Condition of Supervised Release. This court, the first time the case was before it, said that the record lacks an obvious rationale. This court, not like in other cases where this court has looked to the record and picked out facts and said, well, you know, it's obvious what the reasoning is here. This court said that there was no record evidence, and that's why it gave the district judge an opportunity to provide a further explanation. Well, it's not... Did the court say there was no record evidence or did it say the record lacks an obvious rationale? That the record lacks an obvious rationale. I see those as two different things, and I was on the panel. I mean, you know, there's no apparent... It wasn't apparent what the court relied on. Mm-hmm. And... Right, and the court this time again made generalizations based on the type of crime  Well, there was much more of an explanation, wasn't there this time? The explanation was that he was imposing it based on the category of the crime. Although... And the fact that the court did not say that Mr. Widmer posed a threat to children and the government concedes... We don't know whether he will offend against a child or whether he won't offend against a child. I disagree because the evidence in the record conclusively establishes that he will not escalate his behavior to commit a contact offense. But the fact that we don't know one way or the other... What about the testimony they relied on about the doctor? In the PSR? Your Honor, the district court did not cite to that testimony, did not... The facts that were in the PSR, the district court did not rely on it. The district court said that this condition and what the condition does is that... And the court noted that it applies to his minor child, but that's unfortunately a consequence of the crime. And this is on page 799, page ID number. And the court says the word associate and that we had argued that the word associate was so vague that it would prevent Mr. Widmer from even sending a birthday card to his child. Well, and the judge said, well, we acknowledge your argument, but while the word associate may encompass more conduct than the defendant would like, it's not vague. And the judge just said it's clear and it informs the defendant he's not to have contact with children under the age of 18. And we know that includes his daughter. And we also know that it's true that his daughter was born while he was on pretrial release. He cared for his daughter. He visited with his daughter in jail. He's continuing to correspond with his daughter currently. You know, a common condition of probation or parole is you can't associate with known felons. Yes. Oh, this guy's got a son that's a felon. And so things happen. I'm not talking about this guy, hypothetically. I mean, you can't in these general protective provisions, sometimes it's impossible to fine-tune them beyond a point. I understand, Your Honor, but... And there is at least a safety valve provision in this one. I'm sorry? There at least is a safety valve provision. The probation officer exception cannot save the unconstitutionality of this condition. And the fact that... I'm sorry, Your Honor, just was talking about the safety valve. Well, you keep saying unconstitutionality, but you haven't given us a case that says a prohibition against seeing your daughter under any circumstances is unconstitutional. Under circumstances that don't show a compelling need, yes, that it is unconstitutional. The cases are cited within the brief, Your Honor. I can't cite... No, I understand that. You know, you didn't argue in your brief, I don't think, that the judge ignored the pre-sentence report in coming up with his sentence. He said something a minute ago that suggested that that's one of your arguments. Is that part of your argument? Your Honor, the government was talking about facts that were in the pre-sentence report, that they say support this idea that he is at risk of offending. I'm saying that the district court did not rely on those facts, didn't put that in his explanation of reasons for imposing this condition. And, Your Honor, the fact that there may be this perception that there's a sexual interest in children is very different than the idea that a person is going to actually offend against a child. There's a huge escalation in conduct that has to occur in between a person just having a sexual interest, which the record shows Mr. Widmer does not, but even if you think he does, there's a huge gap that needs to be bridged between that  and offend against a child. And the district court did not provide any facts that even built a bridge halfway to that conclusion. All right, I think we have your argument in hand. Okay, so we would ask that the condition be vacated. Thank you. Thank you, and the case is submitted.